**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DWIGHT R. MAIS,                                    )
                                                                    )
         Plaintiff,                                   )
                                                                    )
v.                                                                 )   Case No.  06-2326-JWL
                                                                    )
LANDERS McLARTY OLATHE,               )
KS LLC d/b/a OLATHE DODGE            )
                                                                    )
         Defendant.                                 )
_____)

**PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**

Upon motion (**doc. 8**) of the parties to this action, the Court hereby enters this protective order under the provisions of Rule 26(c) of the Federal Rules of Civil Procedure. The parties anticipate that in response to written discovery, each of them may be required to produce certain documents that contain personal and/or confidential information including but not limited to information of a financial nature.  Such documents likely will include financial information that normally is kept private; personnel files and similar confidential employment information pertaining to specific individuals who may or may not be parties; or confidential sales information and other data of a proprietary nature.  As a result, the parties request and the Court hereby orders that the production and use of such documents (hereinafter referred to as "confidential documents") will be in accordance with the following terms and conditions:

      1.  All confidential documents produced by the parties containing personal, confidential or otherwise privileged information will be deemed to be of a confidential and privileged nature and will be subject to this order.  The parties shall designate any documents that they deem personal and/or confidential as "CONFIDENTIAL".

2. All confidential documents produced to the parties shall not be reproduced in any way by the parties for any reason without the prior consent of the party producing such documents, except for disclosures authorized by paragraph 3 of this Order.

3. Confidential documents produced by the parties or the contents thereof shall not be disseminated or disclosed to any person or entity except the following:

    (a) Qualified Counsel;

    (b) Qualified Persons;

    (c) Qualified Experts; and

    (d) a deposition witness other than a Qualified Person or Qualified Expert as provided for in Paragraph 8 below.

4. "Qualified Counsel" means counsel for plaintiff and defendants including all lawyers in the office of such counsel actively engaged in this litigation and all regularly employed office personnel such as paralegals, secretaries and clerks.

5. "Qualified Person" means the directors, officers, employees or agents of the plaintiff and/or the defendant. With respect to defendant disclosure of confidential information is confined to its organizer and managing members on file with the Arkansas Secretary of State, except as the parties, through their counsel, may otherwise agree in writing.

6. "Qualified Experts" means any outside consultants retained by plaintiff or defendant to assist in the trial preparation of this litigation.

7. Confidential documents produced by the parties and the contents thereof shall be used only in connection with this litigation, and shall be returned or destroyed at the termination of this litigation.

8. Confidential documents produced by the parties or their substance may be used in

connection with any deposition in this litigation provided that:

        (a)        the deponent is a Qualified Person or Qualified Expert; or

        (b)        the deponent is a witness other than a Qualified Person or Qualified Expert who has acknowledged receipt of this order.

9. Those portions of any brief, memorandum or pleading which refer(s) to confidential documents or information or which reveals the contents of any part thereof shall be filed with the Court under seal only upon separate, specific motion filed contemporaneously followed by an order of the court. Any copies of confidential documents or those portions of any depositions pertaining to such documents likewise shall be filed with the Court under seal in accord with the procedures set forth in Paragraph 10.

10. Confidential documents produced by the parties and portions of deposition transcripts, briefs, memoranda or pleadings that are filed with the court under seal pursuant to Paragraph 9 herein shall be placed in an envelope and sealed by the court or the court's clerk with an appropriate notation signifying the confidential nature of the information contained herein or in such manner as the court may direct in any following order.

11. No party to this order shall be deemed to have waived any objection that such party otherwise would have to any discovery request or proceeding or to the admissibility of any evidence in this litigation by reason of entering into or abiding by the terms of this order.

12. Should a dispute arise between the parties as to whether a document(s) produced and designated as "Confidential" by a party contains information that is personal and/or confidential, the parties shall request a hearing with the court to determine whether such information is personal, confidential and/or privileged before disclosing any such information.

13. Upon the final disposition of this litigation, the court shall retain jurisdiction over the

parties for the enforcement of the provisions of this order and the confidentiality agreements contained herein.

14.     The court may modify or revoke this order upon motion of a party with notice to all other parties.

IT IS SO ORDERED.

Dated this 6th day of October, 2006 at Kansas City, Kansas.

                                                                s/James P. O'Hara
                                                                 James P. O'Hara
                                                                 U.S. Magistrate Judge